**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROBBIE HALL,
              Appellant,

      v.

DEPARTMENT OF THE TREASURY,
              Agency.

DOCKET NUMBER
DA-0752-18-0472-I-1

DATE: June 14, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joel J. Kirkpatrick, Esquire, Canton, Michigan, for the appellant.

Thomas M. Ashton and Brady J. Kiehm, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis of the appellant's disparate penalty claim, we AFFIRM the initial decision.

## BACKGROUND

The essential undisputed facts, as set forth in the initial decision, are as follows. The appellant was formerly employed by the agency as a Criminal Investigator with the agency's Inspector General for Tax Administration (TIGTA), Office of Investigations. Initial Appeal File (IAF), Tab 25, Initial Decision (ID) at 2. On May 24, 2018, the agency proposed his removal based on a charge of conduct unbecoming a Federal employee, supported by four specifications. *Id.* at 2-3. In specification one, the agency alleged that the appellant stated to a coworker, C.C., with whom he had a prior romantic relationship, that he had thought about killing her by shooting her through the windshield while she was pulling out from the driveway. *Id.* at 4-5. In the remaining specifications, the agency alleged that the appellant attempted or threatened to use his position as a TIGTA agent to coerce or influence his coworker to maintain their personal relationship. *Id.* at 7-8. After affording the appellant an opportunity to respond, the agency sustained the charge and removed the appellant from service, effective July 9, 2018. *Id.* at 2.

The appellant filed a Board appeal in which he disputed the charge and asserted that the agency had violated his due process rights. IAF, Tab 1. After holding a hearing, the administrative judge issued an initial decision sustaining the charge. ID at 1. The administrative judge found that the agency proved all four of the specifications in support of its charge. ID at 3-13. She further found that the appellant failed to prove his affirmative defense of due process violations and that the agency proved nexus and that the penalty of removal was reasonable. ID at 13-25.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 3. The agency has opposed the appellant's petition. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly found that the agency proved its charge.

On review, the appellant has not identified any specific errors in the administrative judge's analysis concerning the agency's proof of its charge. Thus, the Board will not embark upon a complete review of the record. *See Baney v. Department of Justice*, 109 M.S.P.R. 242, ¶ 7 (2008); *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992); 5 C.F.R. § 1201.115(a)(2). Rather, regarding specification one, the appellant merely reiterates his arguments that the agency improperly construed his statement as a threat and failed to take into account the context, intent, and meaning of his words. PFR File, Tab 3 at 6, 10. However, the administrative judge found that, even accepting the appellant's explanation of the context as true, his conduct was still inappropriate, unsuitable, and reflected poor judgment. ID at 6-7. Regarding the remaining specifications, the appellant summarily reiterates, without citation to any record evidence, that his actions were proper as part of his job duties and that his first-level supervisor confirmed that he was following proper procedure. PFR File, Tab 3 at 6. Considering the record evidence, the administrative judge found implausible the appellant's claim that his communications with C.C. were in

keeping with legitimate law enforcement purposes based on the timing of the communications as well as the commingling of personal and professional subjects. ID at 9-13. Moreover, contrary to the appellant's argument, the administrative judge found that the appellant's first-level supervisor testified that agents are expected to interview a complainant within 15 days of receipt of an allegation of potential misconduct by an agent; yet, the appellant did not do so here until well beyond the 15-day period. ID at 9-10. Thus, the appellant's arguments amount to mere disagreement with the administrative judge's findings and do not provide a basis for reversal. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (stating that the Board will give due deference to the credibility findings of the administrative judge and will not grant a petition for review based on a party's mere disagreement with those findings); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The administrative judge properly found that the appellant failed to prove that the agency violated his due process rights.

Regarding the appellant's contention that the deciding official was biased and should have recused himself, the administrative judge found that the appellant failed to present any actual evidence of bias and that the circumstances were not such that the risk of unfairness was intolerably high. ID at 14-15. Regarding the appellant's contention that the deciding official considered information that he failed to disclose to the appellant, including the appellant's history of rudeness and name-calling reflected in his text messages with C.C, the administrative judge found that the appellant could not reasonably claim that he was deprived of notice that this information would be considered. ID at 16-17. In particular, she noted that the notice of proposed removal quoted specific text messages that contained rude and offensive language, and the appellant requested via his written response to the proposal that the deciding official consider the full

text message exchanges between the appellant and C.C. to understand the context of the statements cited in the proposal notice. *Id.*

On review, the appellant reiterates his same alleged due process violations but fails to identify any error in the administrative judge's analysis of such claims. PFR File, Tab 3 at 10, 12, 14. He further raises a claim that, during the oral reply, the deciding official inquired about the appellant's prior relationships with Federal employees. *Id.* at 12. This argument does not appear to have been raised below, and the administrative judge did not address it. In any event, such a claim would not amount to an ex parte communication because the appellant was present for the oral reply, provided the information at issue, and was on notice that the deciding official would consider the information presented during the oral reply. *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999) (discussing when ex parte concerns arise in connection with an adverse action).

<u>The administrative judge properly found that there was a nexus between the appellant's off-duty misconduct and the efficiency of the service.</u>

On review, the appellant disputes that his off-duty conduct has a nexus to the efficiency of the service. PFR File, Tab 3 at 8-10, 13. The Board generally recognizes three independent means by which an agency may show a nexus linking an employee's off-duty misconduct with the efficiency of the service: (1) a rebuttable presumption of nexus that may arise in certain egregious circumstances based on the nature and gravity of the misconduct; (2) a showing by preponderant evidence that the misconduct affects the employee's or his coworkers' job performance, or management's trust and confidence in the employee's job performance; and (3) a showing by preponderant evidence that the misconduct interfered with or adversely affected the agency's mission.[2]

---

[2] On review, the appellant states that, in the absence of a violation of criminal law, the agency may discipline an employee for off-duty misconduct only if it impacts the agency's ability to perform its responsibilities or if the conduct constitutes a violation of an internal regulation. PFR File, Tab 3 at 13. However, he cites no case law in

*Kruger v. Department of Justice*, 32 M.S.P.R. 71, 74 (1987). Here, we agree with the administrative judge that the appellant's statement that he had thought about killing C.C. is contrary to the agency's mission of overseeing and protecting Internal Revenue Service (IRS) employees from threats. ID at 18. The record reflects that one of TIGTA's core missions is the protection of IRS employees, which includes investigating threats against IRS employees and determining whether the employee's safety in their capacity as an IRS employee is implicated. ID at 18; IAF, Tab 24, Hearing Transcript (HT) at 126-27. Moreover, the Board has long held that law enforcement agents are held to a higher standard of conduct than other employees. *See, e.g.*, *MacDonald v. Department of the Navy*, 4 M.S.P.R. 403, 404 (1980). Accordingly, we agree with the administrative judge that a nexus exists between the appellant's off-duty misconduct and the efficiency of the service. *See, e.g.*, *Royster v. Department of Justice*, 58 M.S.P.R. 495, 500 (1993) (the appellant's off-duty misconduct involving threatening and abusive calls to a woman bore a nexus to his position as correctional officer in a women's prison); *Barnhill v. Department of Justice*, 10 M.S.P.R. 378, 381 (1982) (the appellant's off-duty obscene telephone calls and threats of violence to a woman bore a nexus to the efficiency of the service given his position as a Border Patrol Agent whose duties entailed the apprehension of female suspects).

The administrative judge properly found that the penalty of removal is reasonable.

The administrative judge found that the appellant failed to prove his disparate penalty claim because, although the purported comparators were charged with conduct unbecoming, the nature of the underlying conduct, such as misuse of a government vehicle or using profanity toward subordinates, was materially different than the misconduct engaged in by the appellant. ID at 21-23. The administrative judge further found that the appellant did not show that any of the purported comparators were located in the same group or

support of this proposition.

field division, held the same position, or had the same deciding official. ID at 23. On review, the appellant identifies the same comparators and reiterates his argument that the deciding official failed to consider the consistency of the penalty imposed but does not identify any specific error in the administrative judge's analysis. PFR File, Tab 3 at 14, 17-20.

After the issuance the initial decision, the Board clarified the proper standards for assessing a disparate penalty claim in *Singh v. U.S. Postal Service*, 2022 MSPB 15. In *Singh*, the Board noted that, under recent case law, the universe for potential comparators had become worldwide and that broad similarity in misconduct between the appellant and the comparator had been found sufficient to shift the burden to the agency to explain the difference in treatment. *Singh*, 2022 MSPB 15, ¶ 11. The Board clarified that, although the universe of potential comparators will vary from case to case, it should be limited to those employees whose misconduct and/or other circumstances closely resemble those of the appellant. *Id.*, ¶ 13. The Board noted that, in most cases, employees from another work unit or supervisory chain will not be proper comparators. *Id.* The Board further held that the relevant inquiry is whether the agency knowingly and unjustifiably treated employees differently. *Id.*, ¶ 14.

Here we find that the administrative judge's analysis comports with the standards set forth in *Singh*. We agree with the administrative judge that the record reflects that the alleged comparators did not engage in similar misconduct or that such individuals were in the same work unit or supervisory chain as the appellant. ID at 21-23; IAF, Tab 15 at 38-60, Tab 16 at 5-48, Tab 22 at 6-9. Rather, the purported comparators were in different field divisions, and different proposing and deciding officials were involved in the disciplinary actions. IAF, Tab 15 at 38-60, Tab 16 at 5-48, Tab 22 at 6-9. Nor does the record contain anything suggesting that the agency knowingly treated the appellant differently.

Accordingly, we affirm the initial decision, sustaining the appellant's removal.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.